*471
 
 Henderson, Chief-Justice.
 

 Although it is not re* quimi to describe in the indictment the cause of action,
 
 i, e,
 
 the declaration in the suit, in which it is alleged the perjury was committed, yet if it be set forth, the record produced must correspond with the one set forth. The question therefore in this case is, are the words in the indictment, viz. “ twenty nine dollars for the sale and delivery of eleven barrels and three bushels of corn, and twelve dollar's for the wintering and feeding of four
 
 steers,'”
 
 descriptive of the cause of action for which the warrant was brought, or the warrant itself upon its face. I think that they.are. The warrant, as the suit in which • it was alleged that the perjury was committed, is sufficiently described in the foregoing part of the indictment, hy the words “a warrant, wherein
 
 Willis Alexander
 
 was Plaintiff, and
 
 Adam Crause
 
 was Defendant.”
 
 {Act of
 
 1791,
 
 Rev. c.
 
 338 ) The words, eleven barrels of corn, &c. are a mere parol declaration, to use the words of the presiding Judge, of the cause of action preparatory to a more proper understanding of that part of the indictment, which states the materiality of the oath. This opinion is much strengthened by the uniform exposition given to the act of 1794.
 
 {Rev. c.
 
 414.) For altho’ that act requires, that it should be stated in the warrant, how the sum demanded is due, it has never been required, nor has the practice, been to insert the items of an account, it has always been sufficient to say, due by account, by assumpsit, or other general description. We are of opinion, that there was no variance between the warrant described and the one given in evidence..
 

 Pee Curiam. — Let the .judgment of the Court below be affirmed.